IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02329-MSK-KLM

ERIC CHRISTOPHER PROVENCIO,

    Plaintiff,

v.

C. STARK, and
D. RODENBECK,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' [sic] Motion to Subpoena Expert Witness** [Docket No. 57, Filed July 2, 2010] ("Motion No. 57"). Pursuant to the Motion, Plaintiff appears to seek two forms of relief. First, Plaintiff appears to seek the Court's assistance in securing the assistance of expert witnesses. Second, Plaintiff appears to request that the Court issue subpoenas to those witnesses.

As a preliminary matter, despite the fact that Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*, there is no statutory or legal authority directing the Court to provide assistance in securing expert witnesses. *See Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983) (holding that access to court does not extend to the Court's provision of an expert witness on inmate's behalf). As a voluntary litigant in a federal lawsuit, Plaintiff must obtain the assistance of expert witnesses on his own behalf. To this end, if the experts demand payment for their services, Plaintiff must pay for the services of such witnesses. *Harper v. Urbano*, No. 07-cv-00750, 2010 WL 1413107, at *1 (D. Colo. Apr. 1,

2010) (unpublished decision) (holding that inmate is not entitled to Court-appointed expert and noting that Fed. R. Evid. 706 does not apply to experts "intended to further partisan interests of any party"); *see also Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) ("By seeking government funding in this case, [*pro se* inmate is] in effect asking for better treatment than [his] fellow citizens who have not been incarcerated but who have at least equal claims for damages."). In addition, without proof that Plaintiff can pay for the witnesses' time and testimony, the Court cannot direct the issuance of subpoenas on Plaintiff's behalf. *See Windsor v. Martindale*, 175 F.R.D. 665, 672 (D. Colo. 1997) (holding that despite inmate's *pro se* and *in forma pauperis* status, no subpoenas shall issue without proof of the inmate's ability "to pay a witness fee").

IT IS HEREBY **ORDERED** that Motion No. 57 is **DENIED**. While under particular discreet circumstances Plaintiff may be entitled to have the cost of subpoenas borne by the Court and to have subpoenas served by a United States Marshal pursuant to 28 U.S.C. § 1915(d), the Court has the ultimate discretion as to whether the subpoenas should be issued. Such a decision cannot be made on the pleadings submitted by Plaintiff.

To the extent that Plaintiff would like to issue subpoenas to third party individuals located in this district, he must make a showing that subpoenas are appropriate by explaining to the Court: **(1)** whether he is seeking subpoenas to compel witnesses to provide testimony, documents, or both; **(2)** if he seeks testimony, whether for a hearing, deposition, or both, and if for a deposition, what arrangements he has made with the third party's counsel regarding the location, dates, and times for testimony to be taken, the method of recording the testimony pursuant to Fed. R. Civ. P. 30(b), and proof that Plaintiff

is able to pay for the costs of such deposition; **(3)** if he seeks documents, what arrangements he has made with the third party's counsel regarding the dates and times for documents to be delivered and provide proof that Plaintiff is able to pay the costs associated with the third party reproducing such documents; and **(4)** how each individual to be subpoenaed has information relevant to the controversy.  *See Guy v. Maio*, 227 F.R.D. 498, 501 (E.D. Wis. 2005); *see also Milligan v. Reed*, 06-cv-00911, 2009 WL 1636957, at *2 (D. Colo. June 11, 2009) (unpublished decision) (refusing to subpoena third party until inmate "provides proof that he has made arrangements for the payment of any costs associated with the" discovery sought); *Hawkinson v. Montoya*, No. 04-cv-01271, 2006 WL 1215397, at *2 (D. Colo. May 4 2006) (unpublished decision) (holding that inmate "has no right to obtain documents [or testimony] through discovery free of charge, . . . his status as an *in forma pauperis* litigant notwithstanding").

If Plaintiff intends to seek documents or testimony via subpoena issued to individuals located in this district, his failure to provide the information set forth in items (1) through (4) above will be grounds for denial of the motion.  Further, as no evidentiary hearings are presently scheduled in the above-captioned case, any request by Plaintiff to subpoena individuals to appear for a hearing is improper at this time.

This matter is also before the Court pursuant to **Plaintiffs [sic] Motion for a Court Order for Discovery Exhibits** [Docket No. 59, Filed July 6, 2010] ("the Motion"). Pursuant to the Motion, Plaintiff requests that the Court order a third party to provide him photographs of his cell.

IT IS HEREBY **ORDERED** that Motion No. 59 is **DENIED**.  The Court has no

authority to require a third party to assist Plaintiff in proving his case. To the extent that Plaintiff seeks photographs through the tool of discovery, he has two options. First, Plaintiff may request copies of photographs from Defendants via a properly propounded discovery request. Second, Plaintiff may request photographs from a third party via issuance of a subpoena, but he must follow the requirements set forth above for having subpoenas issued, including indicating how these photographs are relevant and necessary to his case and describing the arrangements he has made to pay for such photographs to be taken. Alternatively, to the extent that either discovery option is unavailable to Plaintiff, Plaintiff may provide a verified written description of his cell at the appropriate time to obviate the necessity of photographs. *See, e.g.*, *Georgacarakos v. Wiley*, No. 07-cv-01712, 2010 WL 1291833, at *4 (D. Colo. Mar. 30, 2010) (unpublished decision) (noting that photographs of ADX were unwarranted as inmate could provide a written description of the relevant areas "rather than relying on photographs").

Dated: July 12, 2010

                                                 BY THE COURT:

                                                 s/ Kristen L. Mix
                                                 United States Magistrate Judge
                                                 Kristen L. Mix