IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02329-WJM-KLM

ERIC CHRISTOPHER PROVENCIO,

      Plaintiff,

v.

C. STARK and D. RODENBECK,

      Defendants.

_____

## PROTECTIVE ORDER

_____

Pursuant to Fed. R. Civ. P. 26(c), and ~~upon a showing of good cause in support of the~~ *upon the parties' stipulation for*     *KLM*

entry of a Protective Order to protect the production, discovery, and dissemination of confidential

information and/or sensitive data or records, IT IS HEREBY ORDERED:

    1.    This Protective Order shall apply to shall apply to all documents, materials

and/or information, including without limitation, documents produced, answers to

interrogatories, responses to requests for admission, deposition testimony, and other information

disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil

Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R.

Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this

term.

    3.    Information designated "CONFIDENTIAL,""CONFIDENTIAL -

ATTORNEYS' EYES ONLY" or "CONFIDENTIAL - NOT TO BE RETAINED BY

PLAINTIFF" (collectively "CONFIDENTIAL Information") pursuant to this Protective Order

includes information that implicates institutional security and safety, information concerning the institutional adjustment of Plaintiff, information that is law enforcement sensitive or implicates law enforcement techniques, information involving personal security and safety, confidential medical information and/or information that may be protected by the Privacy Act of 1974. If information is disclosed in this case that would otherwise be protected by the Privacy Act, this Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) which allows for such production.

4.      CONFIDENTIAL Information shall not be disclosed or used for any purpose except the preparation of the case for trial (including, but not limited to, the filing of any pleadings or pre-trial motions), trial and appeal, if any. The protections granted by this Protective Order shall not be waived.

5.      CONFIDENTIAL Information may be reproduced electronically for litigation management purposes only. Electronically reproduced CONFIDENTIAL Information must retain the mark "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - NOT TO BE RETAINED BY PLAINTIFF."

6.      Information designated "CONFIDENTIAL" may be disclosed to counsel for Plaintiff and to Plaintiff.

7.      Information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be disclosed to or discussed with Plaintiff.

8.      Information designated "CONFIDENTIAL - NOT TO BE RETAINED BY PLAINTIFF" may be reviewed by Plaintiff with his counsel but may not be retained by Plaintiff in his cell.

9.     In addition to the restrictions set forth in Paragraphs 6 and 7, CONFIDENTIAL Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to any person, except that such information may be disclosed to:

a.     attorneys actively working on this case;

b.     persons regularly employed or associated with the attorneys actively working on the case, including in-house counsel and agency counsel, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

d.     witnesses or court reporting personnel at a deposition;

e.     the Court and necessary Court staff, pursuant to Paragraphs 12, 13 and 14; and

f.     other persons by written agreement of the parties.

10.     Prior to disclosing any CONFIDENTIAL Information to any person listed in Paragraphs 9(c), 9(d), and/or 9(f), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to inspection by counsel upon court order or by agreement of the parties.

11.     Whenever a deposition involves the disclosure of CONFIDENTIAL Information,

the deposition or portions thereof shall be designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - NOT TO BE RETAINED BY PLAINTIFF," and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - NOT TO BE RETAINED BY PLAINTIFF" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12.     In the event that a party desires to use CONFIDENTIAL Information as an exhibit to a Court document, the CONFIDENTIAL Information shall be filed under seal in accordance with D.C.Colo.LCivR 7.2 and District of Colorado Electronic Case Filing Procedure ("ECF Procedures") VI.B.1, and must retain the mark "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - NOT TO BE RETAINED BY PLAINTIFF." In accordance with D.C.COLO.LCivR 7.2, either contemporaneously or within 14 days of the filing of the sealed document, either party may file a motion to seal the sealed document.

13.     If additional disclosure is needed of CONFIDENTIAL Information, counsel for the party seeking additional disclosure will contact counsel for the producing/designating party to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within ten (10) business days, either party may file an appropriate motion with the Court. Said motion may attach the disputed CONFIDENTIAL Information as an exhibit to the motion. If the disputed CONFIDENTIAL Information is attached as an exhibit to such a motion, it shall be

filed under seal in accordance with D.C.Colo.LCivR 7.2 and ECF Procedures VI.B.1.2, and must

retain the mark "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or

"CONFIDENTIAL - NOT TO BE RETAINED BY PLAINTIFF." In accordance with

D.C.COLO.LCivR 7.2, either contemporaneously or within 14 days of the filing of the sealed

pleading or document, either party may file a motion to seal the sealed document.

14.     A party may object to the designation of CONFIDENTIAL Information by giving

written notice to the counsel for the party designating the disputed information. The written

notice shall identify the information to which the objection is made. If the parties cannot resolve

the objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the party objecting to the CONFIDENTIAL Information to file an appropriate

motion requesting that the Court determine whether the disputed information should be subject to

the terms of this Protective Order. Said motion may attach the disputed CONFIDENTIAL

Information as an exhibit to the motion. If the disputed CONFIDENTIAL Information is

attached as an exhibit to such a motion, it shall be filed under seal in accordance with

D.C.Colo.LCivR 7.2 and ECF Procedures VI.B.1, and must retain the mark "CONFIDENTIAL,"

"CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - NOT TO BE

RETAINED BY PLAINTIFF." In accordance with D.C.COLO.LCivR 7.2, either

contemporaneously or within 14 days of the filing of the sealed pleading or document, either

party may file a motion to seal the sealed document. If such a motion is timely filed, the disputed

information shall be treated as CONFIDENTIAL Information under the terms of this Protective

Order until the Court rules on the motion. In connection with a motion filed under this provision,

the party designating the information as CONFIDENTIAL Information shall bear the burden of

-5-

establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL Information.

15.    At the conclusion of this case, unless other arrangements are agreed upon, each party's counsel shall immediately return all CONFIDENTIAL Information to the producing party, or shall destroy it or delete it, if the CONFIDENTIAL Information is electronically stored. If a party chooses destruction of the CONFIDENTIAL Information, the party shall promptly provide the other parties with an affidavit confirming the destruction or deletion.  The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibiltiy to maintain the confidentiality of CONFIDENTIAL Information pursuant to this Protective Order.

16.    Any inadvertent disclosure or production of information that is law enforcement sensitive or that is entitled to work-product protection, or that is protected by any privilege, including the attorney-client, deliberative process and/or law enforcement privileges, shall not constitute a waiver of any available protection or privilege by the party who made the inadvertent disclosure or production.

17.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this __16th__ day of May, 2011.

BY THE COURT:

KRISTEN L. MIX
United States Magistrate Judge