**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-02329-WJM-KLM

ERIC CHRISTOPHER PROVENCIO,

    Plaintiff,

v.

C. STARK, and
D. RODENBECK,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION *IN LIMINE***

---

This matter is before the Court on Plaintiff Eric Provencio's ("Plaintiff") *Motion in Limine* to Preclude Evidence and Testimony regarding (1) the Nature of Plaintiff's Convictions, (2) Plaintiff's Disciplinary Record, (3) Plaintiff's Status in Prison, and (4) the Nature of ADMAX and the SHU ("Motion"). (ECF. No.179.) Defendant Stark and Defendant Rodenbeck's ("Defendants") have filed a Response in opposition (ECF No. 195.) The parties have also filed supplemental filings. (ECF No. 215; ECF No. 218.)

Having reviewed the relevant materials, the Court grants Plaintiff's Motion with respect categories (1)-(3), and denies the Motion with respect to category (4).

**I. Background**

On October 10, 2007, Plaintiff was housed in the Bureau of Prisons at the United States Penitentiary, Administrative Maximum ("ADMAX"). (ECF No. 166 at 1-2.) Plaintiff alleges that an incident occurred while being escorted by Defendants to his cell.

Plaintiff alleges that the named-Defendants perpetrated an attack. (*Id.*)

Plaintiff is presently serving a 137-month sentence for bank robbery in violation of 18 U.S.C. § 2113(A), and a 24-month consecutive sentence for a supervised release violation. (ECF No. 171 at 2.) He has numerous violations that are denoted in his disciplinary record and status within the prison system. (*Id*).

## II. Legal Standards

Plaintiff brings a claim against Defendants for use of excessive force in violation of his Eighth Amendment rights. 42 U.S.C. § 1983. To succeed, he must satisfy two prongs in accordance with the test articulated in *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (stating that the elements of excessive force consist of "(1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind"). *See also Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

Accordingly, these legal standards provide the necessary context to determine the admissibility of the evidence in dispute.

## III. Analysis

Plaintiff contends that categories (1)-(4) are inadmissible pursuant to Rule 404(b)(1) of the Federal Rules of Evidence. Plaintiff argues that such evidence constitutes previous crimes or bad acts that go to Plaintiff's character—and thus is inadmissible. Pursuant to Fed. R. Evid. 404(b)(1), the admission of evidence of a crime or "bad act" to prove a person's character "in order to show that on a particular occasion the person acted in accordance with the character" is precluded from the jury's purview.

*Id.* Such evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Furthermore, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403.

**A.     Categories (1) - (3): Prior Bad Acts and Personal History**

The Court finds that categories (1) - (3) fit squarely within Fed. R. Evid. 404(b)(1). These categories of evidence are of marginal (if any) relevance to issues pertaining to the Eighth Amendment claim. Whether Plaintiff has a history of disciplinary infractions has no real bearing on whether the Defendants' conduct was applied maliciously to cause him harm. Nor is it relevant to whether the force was wanton or unnecessary. As Plaintiff rightly submits: "malicious conduct is no less malicious because the victim of the conduct may have behaved badly in the past." (ECF No. 179 at 4.) Moreover, the only way this evidence would inform the jury's findings on these issues is by the inference that Plaintiff is the kind of prisoner who attacks prison employees. But this inference is precisely the type of inference that Rule 404(b)(1) guards against.

Irrespective, even if the evidence was permitted for one of the permitted uses in Fed. R. Evid. 404(b)(2), the evidence cannot pass Rule 403 balancing. Were Defendants to refer to evidence falling within categories (1) - (3) during trial, a jury could still be informed by Plaintiff's personal history and likely draw conclusions that he must have provoked the attack (or, worst, that he simply deserved what unfolded during the events of October 10, 2007). Accordingly, Plaintiff's Motion with respect to categories

(1)-(3) is granted. [1]

**B.     Category (4): Nature of ADMAX and the SHU**

As to final category of evidence, the Court finds that such evidence *is* admissible. Specifically, there is no reason why such evidence cannot be admitted (at least in a generalized way). This draws sharp distinction with the evidence in categories in (1) - (3). That evidence goes to Plaintiff's personal history; whereas category (4) is evidence of a more general nature describing the kind of prisoners at ADMAX and the SHU—not just Plaintiff (and his prior bad acts). Category (4) evidence does not suffer from the same character evidence concerns as the other categories. *See* Fed. R. Evid. 404(b)(1). Indeed, there should be no need to refer to Plaintiff at all with respect to category (4). The emphasis should be on 'general considerations' that the correctional officers at ADX consider when dealing with prisoners. (ECF No. 195 at 2.) This way the evidence 'comes in' to show context at the ADMAX and SHU, and the heightened security measures that Defendants take with respect to all prisoners, not just Plaintiff Provencio.

Finally, the Court notes that the generalized nature in which category (4) evidence will be admitted is not dissimilar to the parties' stipulations in the Statement of the Case. (ECF No. 190.) Nor is the nature of this Order much different to the generalized concessions the parties were making with respect to certain exhibits during

---

[1] The Court notes that it reviewed the supplemental briefing of Defendants. (ECF No. 215.) The purpose of that briefing was to provide Defendants with a further opportunity to draw a nexus between the four categories of evidence and the "actions" of the Defendant-prison guards on October 10, 2007. Much of that briefing was directed towards category (4), which the Court found persuasive. The Court, however, was unpersuaded by Defendants reasons as to categories (1) - (3).

the course of the Final Trial Preparation Conference on January 14, 2013. Such concessions make for more seamless litigation; thus allowing the genuine issues in dispute be addressed.

### III. CONCLUSION

Based on the foregoing, the Court hereby ORDERS as follows:

1. Plaintiff's Motion with respect to categories (1) - (3) as described in this Order is GRANTED; and

2. Plaintiff's Motion with respect to category (4) as described in this Order is DENIED.

Dated this 16th day of January, 2013.

BY THE COURT:

William J. Martínez
United States District Judge