**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-02329-WJM-KLM

ERIC CHRISTOPHER PROVENCIO,

    Plaintiff,

v.

C. STARK, and
D. RODENBECK,

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION *IN LIMINE***

---

    This matter is before the Court on Defendant C. Stark and Defendant D. Rodenbeck's ("Defendants") *Motion in Limine* ("Motion"). (ECF No. 181.) Plaintiff Eric Provencio ("Plaintiff") has filed a Response in opposition (ECF No. 185.) The parties have also filed supplemental filings. (ECF No. 216; ECF No. 217.) On January 10, 2013, the Court ordered that Defendants Show Cause as to why their Motion (ECF No. 181) should not be denied as an untimely dispositive motion. (ECF 212.) In that Order, the Court observed that (pre-trial) dispositive motion deadline was almost 14 months ago - November 18, 2011.

    Having reviewed the relevant materials, the Court denies Defendants' Motion, without prejudice as to the merits. Because of the untimely manner in which this pre-trial dispositive Motion was filed, the Court finds that Defendants have not shown good cause to warrant determination of the Motion (based on the *Heck* doctrine) at this time. *Heck v. Humphrey*, 512 U.S. 477 (1994).

In addition to the Court's holding above, the Court notes the following to assist the parties in preparation for trial commencing on January 28, 2013. First, the parties acknowledge that application of the *Heck doctrine* to the specific facts in this case has yet been determined by the United States Court of Appeals for the Tenth Circuit. At this time, the Court finds no reason why Plaintiff Provencio cannot testify to all evidence relevant to the excessive force claim.[1]

Second, Defendants' acknowledge that "the Court will be in a position to evaluate, on a fuller record and in the context of a Rule 50" whether the *Heck* doctrine applies in this case. (ECF No. 181 at 2.) The Court observes that any Rule 50 Motion filed by Defendant will similarly be considered a dispositive motion, but one that is obviously not precluded by the Court's (pretrial) dispositive motion deadline of November 18, 2011.[2]

## II. Conclusion

Based on the foregoing, the Court hereby ORDERS that Defendants' Motion in Limine (ECF No. 181) is DENIED WITHOUT PREJUDICE.

---

[1] The Court observes what has been said and relied upon by Defendants in *Moore v. Mahone*, 652 F.3d 722, 723-25 (7th Cir. 2011) (holding that a plaintiff has the option to "remain 'agnostic' in his civil rights case about the findings in the criminal (or disciplinary) proceeding" by not creating an evidentiary narrative that is in tension with the Bureau's findings). (ECF No. 181 at 8.) But even that case holds that remaining agnostic is just an option. The Court also observes what was said in *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008) (stating that *Heck* determines "whether a claim itself is viable, not whether evidence is admissible.") Reconciling these authorities, among other things, would seem essential to any future Rule 50 Motion in this case.

[2] Given that Defendants are apparently planning to make a Rule 50 Motion at trial on these grounds, Defendants should in good faith apprise the Plaintiff (and the Court) between now and trial whether it seeks to withdraw from this purported position.

Dated this 16th day of January, 2013.

BY THE COURT:

William J. Martínez
United States District Judge

Dated this 16th day of January, 2013.

BY THE COURT:

William J. Martínez
United States District Judge