**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-02329-WJM-KLM

ERIC CHRISTOPHER PROVENCIO,

    Plaintiff,

v.

C. STARK, and
D. RODENBECK,

    Defendants.

---

## ORDER RECONSIDERING MOTION IN LIMINE

---

This matter is before the Court on Defendant Chad Stark and Defendant David Rodenbeck's ("Defendants") *Motion in Limine* ("Motion") (ECF No.181). Plaintiff Eric Provencio ("Plaintiff") has filed Response (ECF No. 185). The parties have also filed supplemental briefs. (ECF No. 216; ECF No. 217.) The Court previously issued its Order denying Motion without prejudice. (ECF No. 222.) The Court now *sua sponte* reconsiders its prior Order on the Motion.

Defendants' *Motion in Limine* is based upon *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants' contend that *"Heck* prevents an inmate, who loses good time credits, from later indirectly challenging any of the Discipline Hearing Officer's (DHO) essential findings." (ECF No. 181 at 2.) Specifically, the test in *Heck* provides that: "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence: [1] if it would, the complaint must be dismissed

unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated; [2] if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Defendants also rely upon *Edwards v. Balisok*, 520 U.S. 641 (1997); *Moore v. Mahone*, 652 F.3d 722, 724-25 (7th Cir. 2011); and *Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008).

While these cases provide guidance as to how a district court may approach the *Heck* analysis, this Court finds *Gilbert* most useful and analogous to the instant case. *Gilbert* 512 F.3d 899, 901-902. That case provides numerous examples of when *Heck* does or does not apply. What is critical in the decision is what the Seventh Circuit said with respect to Magistrate Judge's (misplaced) direction to what the prisoner-plaintiff could provide in testimony—*i.e.,* the Magistrate Judge directed the plaintiff that he could not provide evidence to what happened to him while he was uncuffed by the defendant guards. Significantly, *it was during such time that plaintiff in* Gilbert *alleged that excessive force was used on him.* That ruling, as stated by the Seventh Circuit, "effectively gave judgment for the defendants as a matter of law because, without evidence of what happened after he placed his arms in the chuckhole, Gilbert could not show that the guards laid a finger on him. Gilbert rested his case without being allowed to present the bulk of his evidence, and the Magistrate Judge then formally granted the defendants' Rule 50 motion." *Id.* at 901-902.

The Seventh Circuit rejected the Magistrate Judge's approach and ordered that the case be retried. In its reasoning, the Seventh Circuit concluded: "Instead of insisting

that Gilbert confess in open court to striking a guard, the judge should have implemented *Heck* and *Edwards* through [1] instructions to the jury at the start of trial, [2] as necessary during the evidence, and [3] at the close of the evidence.[1] It would have sufficed to tell the jurors that Gilbert struck the first blow during the fracas at the chuckhole, that any statements to the contrary by Gilbert (as his own lawyer) or a witness must be ignored, and that what the jurors needed to determine was whether the guards used **more force than was reasonably necessary to protect themselves** from an unruly prisoner." *Id.* at 902.  (emphasis added.)

In light of the above authorities, and as a prophylactic step before trial, the Court finds that Plaintiff will ***not*** be permitted to test testify ***contrary*** to the following findings of Disciplinary Hearing Officer ("DHO") dated July 7, 2008.  Depending on how the evidence comes in at trial, by directing Plaintiff on what evidence he will not be able to proffer—evidence as to facts already found to his detriment by the DHO—the Court may well obviate the need to periodically instruct the jury in the manner the Seventh Circuit determined was necessary *in Gilbert,* 512 F.3d at 901-902.

Those findings by the DHO include:

1. That Plaintiff turned to Stark and tried to kick him.
2. That Plaintiff attempted to pull away from Stark.
3. That Plaintiff suffers from no mental defect that would prevent from being held accountable for his behavior.
4. That Plaintiff was found to have attempted to assault a person in violation

---

[1] The Court finds these steps as guidance as to when instructions should apply regarding *Heck.*

3

of Code 224A.

(ECF No. 181-2 at 7.)[2]

The Court finds that the abovementioned facts necessarily imply the invalidity of Plaintiff's conviction regarding the attempt to assault any person in violation of Code 224A. It is for this reason why they will be precluded from Plaintiff Provencio's testimony. As to what other facts Provencio testifies to—and whether they necessarily imply the invalidity of the Code 224A finding—this can only be determined as the testimony is proffered.[3] Indeed, the Defendants have stated this in briefing—*i.e.*, that they "do not know what Plaintiff will say at trial and whether it can be presented in a way that does not contradict the DHO's essential findings." (ECF No. 216 at 3.)[4] Given that Defendants do not know precisely what Provencio will testify to, it is impossible to determine before trial whether *Heck* should preclude all of his testimony. While the trial

---

[2] The Court notes that it has reviewed *Simpson v. Thomas*, 528 F.3d 685, 696 (9th Cir. 2008). The Court has concern with the Ninth Circuit's refusal to consider the impact of *Heck* on the evidence presented, which has the practical effect of eviscerating any impact of the *Heck* bar. In the Court's view, the better approach requires looking at the evidence as it comes in and then parsing the valid facts from the invalid ones. This then allows the Court to determine whether facts at trial necessarily imply the invalidity of previous disciplinary findings. Analysis and application of the *Heck* bar in this case thus requires a scalpel, not a sledgehammer, to determine whether invalidity exists.

[3] The Supreme Court in *Edwards* confirmed that the application of the *Heck* bar does not depend on whether the prisoner's suit seeks the restoration of lost good-time credits, but on whether the claim "would, if established, imply the invalidity of the deprivation of his good-time credits." 520 U.S. at 646

[4] Defendants have also argued that the *Heck* bar does "not serve as a complete bar to Plaintiff's claim." (ECF No. 216 at 3.) As such, and in light of what has been stated in this Order, the Court takes the position that it must look carefully at the particular facts presented before trial and the testimonial facts during trial in conducting the *Heck* analysis. Given the absence of Tenth Circuit authority on this issues, the Court is under no illusion that further *Heck* analysis may be required during the course of this trial consistent with the guidance in *Gilbert,* 512 F.3d at 901-902.

testimony could still lead to Rule 50 Motions being filed by the parties based on *Heck*—and disputes over jury instructions applying same—these matters must await the introduction of evidence at trial.

### III. CONCLUSION

Based on the foregoing, the Court hereby ORDERS that Plaintiff will not be permitted to testify contrary to the following findings made by the DHO in the order dated July 7, 2008:

1. That Plaintiff turned to Stark and tried to kick him.
2. That Plaintiff attempted to pull away from Stark.
3. That Plaintiff suffers from no mental defect that would prevent from being held accountable for his behavior.
4. That Plaintiff was found to have attempted to assault a person in violation of Code 224A.

Dated this 25th day of January, 2013.

BY THE COURT:

William J. Martínez
United States District Judge